IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

SHILLA INDUSTRIAL CO., LTD                                           PLAINTIFF

V.                                                   CIVIL ACTION NO.: 3:23-cv-00138-GHD-JMV

WAREHOUSE 72, L.L.C.;
CAYCE WASHINGTON; MICHELLE WASHINGTON;
FRANK HYDE, JR.; and SASHA HYDE                       DEFENDANTS

**REPLY BRIEF SUPPORTING MOTION FOR
PARTIAL SUMMARY JUDGMENT ON DAMAGES**

COMES NOW the Plaintiff, referred to in this Brief as "Shilla," and files the above-referenced Reply Brief in support of its motion for Partial Summary Judgment on Damages [D.E. 123] as follows:

**I.      Summary**

If the Defendants' argument wins the day, then no party will ever prevail on Summary Judgement. Defendants do not dispute that property damage is a valid category of recoverable damages. Defendants do not dispute that Shilla's property was destroyed and do not dispute that the destruction is worth something, some measure of monetary value. As a matter of law, Shilla's testimony on the value of its own property is competent, admissible evidence, and there is nothing in the record or in law to dispute Shilla's valuation. There is no genuine issue of material fact on the value of Shilla's damaged property.

**II.      Defendants Rest Solely on the Pleadings**

In the Amended Complaint, Shilla alleged the value of its property was approximately $4,600,000. [D.E. 45, ¶ 72]. In their Answers, the Defendants denied that allegation. [D.E. 49, ¶72; D.E. 51, ¶72]. By way of discovery and expert disclosure, out of caution, Shilla provided evidence of the specific number, $$4,941,166.00. [D.E. 123-1, 2 and 3]. Defendants did not ask Shilla to

breakdown that valuation in written discovery. [D.E. 123-123-2]. Defendants did not ask Mr. Choi about the valuation of property during the deposition that he flew to Oxford from Korea to attend. [D.E. 139-1]. Defendants did not designate any experts on property values. Instead of investigating the allegation of approximately $4,600,000.00 property damage through discovery, Defendants chose to rest on the denials contained in their Answers to the Amended Complaint.

### III.     Summary Judgment on Damages Must be Granted

Mississippi courts have recognized Rule 56 as permitting summary judgment on the matter of damages. In *Maness v. K & A Enterprises of Mississippi, LLC*, 250 So. 3d 402 (Miss. 2018), the Defendants failed to present contesting evidence on damages, and as such the Mississippi Supreme Court upheld a granting of a Partial Motion for Summary Judgment on Damages. See also *Mississippi Power Co. Med. Benefits Plan v. Welch,* 2006 WL 3324695 (S.D. Miss. Nov. 14, 2006); *Coleman v. Swift Transp. Co. of Arizona, LLC*, 2014 WL 3533322 (N.D. Miss. July 16, 2014).

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Miss. R. Civ. P. 56(c). "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574 (1986) (emphasis added).

"Mississippi case law has recognized that a person is competent to offer an opinion as to the value of his own property." *Savage v. LaGrange*, 815 So. 2d 485, 490 (Miss. Ct. App. 2002).[1]

---

[1] This holding has a long, unflinching history in Mississippi case law and the common law as a whole. See Frizell v. Guthrie, 76 So.2d 361 (1954); Bryan Bros. Packing Co. v. Grubbs, supra; Nail v. Hiers, 157 S.E.2d 771 (1967); Wylie v. Czapla, 97 N.W.2d 255 (1959); KRCMAR v. Wisconsin River Power Co., 72 N.W.2d 328, 331 (1955).

Further, lay witnesses and expert witnesses can offer opinions when those witnesses have specialized knowledge that would help the trier of fact. F.R.C.P. 701, 702. Mr. Choi and Mr. Park are agents of Shilla with specialized knowledge who have offered credible proof of the value of Shilla's lost property. The knowledge and expertise of Mr. Shilla and Mr. Park are unquestioned, and certainly not questioned with any record evidence despite every opportunity for Defendants to do so. There is no evidence of any factual dispute about the basis of Shilla's valuation even though the defendants had their own knowledge of the amount and kind of Shilla's property in the warehouse. There is simply no record evidence questioning the basis of Shilla's valuation nor the valuation itself. The defendants cannot <u>show</u> that Shilla's valuation does not establish a lack of factual dispute.

At best the Defendants identify ways in which they <u>could</u> have <u>tried</u> to <u>show</u> a dispute of Shilla's valuation, i.e. identification of <u>possible</u> disputes. Defendants disputed damages in their Answer, but they did not generate any record evidence to support its denial of Shilla's damages raised in the Answer. The defendant may not rest on its pleadings to avoid summary judgment. F.R.C.P. 56(e), instead, Defendants must rely on competent summary judgment evidence, of which they have none. "All that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *First National Bank of Arizona v. Cities Service Co*., 391 U.S. 253 (1968) (emphasis added). There is no factual dispute on the valuation of Shilla's property damage.

In discovery, Shilla investigated whether or not the Defendants knew of any witnesses who would testify on the damages sustained by Shilla. (D.E. 133-5). Plaintiff repeatedly referred to the warehouse owners and other individuals with knowledge of the warehouse operations and knowledge of the subject fire. Defendants do not identify in response to Shilla's motion any witness who will even question the value of Shilla's property, which prevents the defendants from

3

introducing any testimony disputing damages at trial. With no testimony, defendants only option will be documents to dispute the valuation. In discovery, Shilla asked the defendants to produce all documents that would support their denial of Shilla's damages claim asserted in the Complaint, but the Defendants did not produce any valuation-related documents and did not produce any such documents to the Court as summary judgment evidence. (Id.). With no testimony and no documents, defendants are unable to provide any trial evidence to dispute the valuation.

Defendants must prove genuine issues of material "fact" to defeat a factually supported summary judgment demand. Instead of asserting fact, the Defendants asserted <u>arguments</u> which, at best, are in the record only as defenses and denials in their Answer and, at trial, will be nothing but arguments of counsel. Arguments of counsel are not evidence, and denials in the pleadings do not defeat summary judgment. Record evidence is needed to defeat a summary judgment demand that is supported by credible evidence. Mr. Choi and Mr. Park are both fact witnesses and experts on the value of Shilla's property. They produced the facts that they will offer in discovery, and defendants did not question or dispute those facts, did not even ask a follow up question about those facts in discovery.[2] Mississippi law specifically says that an owner's testimony about the value of its property is admissible, credible evidence. Shilla meets its burden of persuasion for summary judgment by offering the owner's valuation that was produced in discovery for defendants to vet and undermine through discovery. Shilla then also designated the valuation as opinion testimony just to be safe, but such designation was unnecessary because the valuation testimony comes from the owner.

While the defendants may identify questions, they might ask Shilla about the valuation, the defendants do not give the court any basis for those questions, no reason to that the defendants to

---

[2] There is nothing in the record or argument to suggest that Shilla was not an open book about its claims or that Shilla was uncooperative in discovery.

think that these are legitimate questions about the valuation. The defendants' doubts about the valuation are, at best, "metaphysical doubts." *Matsushita Elec. Indus. Co.,* supra. The defendants do not offer any specific complaints, well-founded doubts or concerns about the valuation, only the most vague arguments of counsel and metaphysical doubts. There is no genuine issue of fact asserted, only possible issues, issues without any support in logic, research or record evidence. The owner's valuation herein is simply undisputed by record evidence or any material issue of fact, or law or anything, has no indication of unreliability and warrants summary judgment on the valuation of the destruction of Shilla's property.

Shilla has cited to the record establishing the valuation. Defendants have no evidence to cite and cannot show that the valuation does not establish a lack of genuine dispute. Defendants assert only vague arguments and metaphysical doubts in response to the valuation evidence presented by Shilla. Shilla is entitled to summary judgment.

## IV.   Conclusion

The undisputed evidence establishes that the value of Shilla's property damaged and destroyed in the fire is $4,941,166.00. Shilla moves this court for an Order granting its Motion [D.E. 123] and holding that the value of Shilla's property destroyed in the fire is $4,941,166.00 with all other claims and categories of damages and issues of liability to be unaffected by said Order.

WHEREFORE PREMISES CONSIDERED, Shilla Industrial Co., Ltd. requests the relief identified above and for any additional or alternate relief, in law or equity, that this Honorable Court deem appropriate.

**RESPECTFULLY SUBMITTED,** the date indicated on the ECF filing information embedded on this pleading.

5

      Shilla Industrial Co., Ltd.,
      PLAINTIFF

      By and through counsel of record,

      */s/ Mitchell O. Driskell, III*
      Mitchell O. Driskell, III, #100079
      TANNEHILL CARMEAN, PLLC
      829 North Lamar Boulevard, Suite #1
      Oxford, Mississippi 38655
      Telephone (662) 236-9996
      Facsimile (662) 234-3949
      mitchell@tannehillcarmean.com

## CERTIFICATE OF SERVICE

  I hereby certify that on this day, I electronically filed the above and foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing all counsel of record.

      */s/ Mitchell O. Driskell III*
      MITCHELL O. DRISKELL III